CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 14, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ANGELIA C. BURTON-HYPES, )
)
Plaintiff, ) Case No. 7:26-cv-00522
)
v. ) **MEMORANDUM OPINION**
)
TONI TRUEHART, *et al.*, ) By: Hon. Thomas T. Cullen
) United States District Judge
Defendants. )

Plaintiff Angelia C. Burton-Hypes, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against numerous Defendants. (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's allegations fail to state a claim.

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prison complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files her complaint *pro se*, the court construes the allegations in her favor liberally and should not dismiss her claim unless "it appears certain that [she] cannot prove any set of facts in support of [her] claim entitling [her] to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil-rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise, if at all, under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Here, even liberally construing Plaintiff's complaint in her favor, Plaintiff has failed to allege facts that would show that any defendant violated her constitutional rights, and the court must therefore dismiss her claims.

To state a claim under § 1983, a plaintiff must allege a personal connection between each defendant's actions and the denial of her constitutional rights. *See id.*; *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("[L]iability will only lie where it is affirmatively shown that

the official charged acted personally in the deprivation of the plaintiff's rights." (cleaned up)). Regarding most Defendants, Plaintiff merely lists them and provides no factual allegations to show that they caused her any constitutional injuries. (*See* Compl.) Accordingly, she has failed to state a claim against these Defendants. *See, e.g.*, *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 505 F. Supp. 3d 570, 581–82 (M.D.N.C. 2020) ("In an action against multiple defendants, a complaint must state facts that support a cause of action against each individual defendant. Blanket conclusory allegations as to multiple defendants are insufficient. A plaintiff cannot rely on bare allegations relating to the conduct of all defendants to hold a defendant liable, but must identify specific acts or conduct taken by each defendant to state a claim." (cleaned up)).

Moreover, the few factual allegations Plaintiff makes against Defendants are insufficient to state a claim. The only Defendants against whom Plaintiff makes *any* specific factual allegations are R. Bowden and Jennifer Hubbard. (*See* Compl. at 8–9.) As to Bowden, Plaintiff merely claims that this Defendant arrested her on a "falsified[,] [i]nvalid [c]apias" on which Plaintiff had already been sentenced.[1] (*Id.* at 8.) As to Hubbard, Plaintiff claims that this Defendant has yet to release Plaintiff on probation because "Pulaski Co. kept getting [Plaintiff] mixed up with some other chick." (*Id.* at 9.) But these allegations fail "to raise a right to relief above the speculative level[,] *Twombly*, 550 U.S. at 555, as is required to state a claim for relief. *See also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of

[1] Fatally, Plaintiff does not allege that Bowden knew that the capias was falsified and invalid or that Plaintiff had already been sentenced pursuant to the capias. (*See* Compl.)

'entitlement to relief'") (quoting *Twombly*, 550 U.S. at 557).[2] As Plaintiff has failed to state an actionable claim against any of Defendants, her complaint will be dismissed.[3]

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 14th day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] In addition to her complaint, Plaintiff has docketed multiple filings listing the parties and other individuals and attaching various documents. (*See* ECF Nos. 3, 4, 7, 9, 11, 12.) But upon review, these filings do not clarify her claims against Defendants. (*See id.*)

[3] One of Plaintiff's additional filings was docketed as a motion to add new defendants. (*See* ECF No. 7.) But because the court will grant Plaintiff an opportunity to file an amended complaint, this motion will be denied as moot. If Plaintiff wishes to add any new Defendants to this action, she should include them in any forthcoming amended complaint.